**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000972
05-MAY-2014
07:56 AM**

NO. CAAP-13-0000972

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DERRICK HERNANDEZ, also known as
DERRICK LEROY HERNANDEZ, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 12-1-1766)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Defendant-Appellant Derrick Hernandez (**Hernandez**) appeals from the April 19, 2013 "Judgment of Conviction and Sentencing; Notice of Entry" and the April 19, 2013 "Mittimus," both entered in the Circuit Court of the First Circuit[1] (**circuit court**). Hernandez was convicted of: (1) Criminal Property Damage in the Third Degree in violation of Hawaii Revised Statutes (**HRS**) § 708-822(1)(b) (Supp. 2013) (**Count I**);[2] and (2) Interference

---

[1]    The Honorable Patrick W. Border presided.

[2]    HRS § 708-822(1)(b) provides:

§708-822 **Criminal property damage in the third degree.** (1) A person commits the offense of criminal property damage in the third degree if by means other than fire:

. . . .

(b) The person intentionally or knowingly damages the property of another, without the other's consent, in an amount exceeding $500[.]

With Reporting an Emergency or Crime in violation of HRS § 710-1010.5(1) (Supp. 2013) (**Count II**).[3]

On appeal, Hernandez contends the circuit court reversibly erred by:

(1) denying his motion for judgment of acquittal on the basis that there was a lack of substantial evidence supporting his conviction of Counts I and II; and

(2) giving the jury Plaintiff-Appellee State of Hawai'i's (**State**) proposed instruction no. "3" over his objection.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Hernandez's points of error as follows.

(1) Hernandez contends the circuit court lacked substantial evidence to support his conviction of Count I because an estimate, as opposed to the actual cost, of repairing the vehicle was "too speculative to meet the standard of substantial evidence." Also, Hernandez never admitted to an intent to cause damage to property exceeding $500 and no substantial evidence demonstrated such an intent.

Evidence of the cost of reasonable repairs is an appropriate means to establish damages exceeding $500 as an element of the crime of third degree criminal property damage. State v. Pardee, 86 Hawai'i 165, 170, 948 P.2d 586, 591 (App. 1997), citing HRS § 708-822(b). The complaining witness, Walter Konishi (**Konishi**) testified the owner-operator of GDK Auto Repair, Gordon Kim (**Kim**) estimated the cost of repair to his car, damaged by Hernandez, at approximately $1,521. Kim testified to the same cost of repair, as well as, to his experience with compiling estimates and the method by which he determined

---

[3]     HRS § 710-1010.5(1) provides:

§710-1010.5 **Interference with reporting an emergency or crime.** (1) A person commits the offense of interference with reporting an emergency or crime if the person intentionally or knowingly prevents a victim or witness to a criminal act from calling a 911-emergency telephone system, obtaining medical assistance, or making a report to a law enforcement officer.

estimated costs of repair. Hernandez asserted that an estimate of over $1,500 by a China-based dealer did not represent a reasonable cost of repair. Kim, however, testified that the reason he was buying the rear lid glass from a China-based dealer was that Konishi's vehicle was an older model and replacement parts were difficult to obtain.

Hernandez asserted the State failed to establish substantial evidence that he "ever knew or hoped that the damage to the property exceeded $500.00." HRS § 708-801 (Supp. 2013) provides in relevant part:

> §708-801 **Valuation of property or services.** Whenever the value of property or services is determinative of the class or grade of an offense, or otherwise relevant to a prosecution, the following shall apply:
>
> . . . .
>
> (4) When acting intentionally or knowingly with respect to the value of property or services is required to establish an element of an offense, <u>the value of property or services shall be prima facie evidence that the defendant believed or knew the property or services to be of that value</u>.
>
> (5) When acting intentionally or knowingly with respect to the value of property or services is required to establish an element of an offense, it is a defense, which reduces the class or grade of the offense to a class or grade of offense consistent with the defendant's state of mind, that the defendant believed the valuation of the property or services to be less.

(Emphasis added), <u>discussed in</u> <u>State v. Cabrera</u>, 90 Hawai'i 359, 368, 978 P.2d 797, 806 (1999).

Hernandez introduced no evidence that he believed he was causing damage to property worth less than $500 nor did he rebut the State's prima facie evidence that he believed or knew that the cost of repairing the damage he caused would exceed $500.

Regarding Count II, Hernandez contends, "there was a lack of <u>substantial</u> evidence that the 911 call was actually interfered with;" "there was no substantial interference with a 911 call because 911 was called and the police responded[;]" and "[t]here is no evidence that [Hernandez] was aware, believed, or hoped to interfere with any 911 call." Konishi testified he told Hernandez he was going to call the police "because of what you

[Hernandez] did" and Hernandez reacted by grabbing Konishi's phone and throwing it on the ground. Konishi's testimony constituted substantial evidence supporting Hernandez's conviction of Count II. State v. Pulse, 83 Hawai'i 229, 244, 925 P.2d 797, 812 amended on reconsideration in part, 83 Haw. 545, 928 P.2d 39 (1996) ("The testimony of one percipient witness can provide sufficient evidence to support a conviction.").

(2) Jury instruction no. "3" stated "[t]he amount of damage done to property may be established by the cost to repair that property." Citing Pardee. Hernandez provides no argument in support of his contention that the circuit court erred by allowing jury instruction no. "3" to go to the jury. Jury instruction no. "3" was not "misleading" as Hernandez's counsel contended at trial, but rather presented an accurate statement of law.

Therefore,

IT IS HEREBY ORDERED that the April 19, 2013 "Judgment of Conviction and Sentencing; Notice of Entry" and the April 19, 2013 "Mittimus," both entered in the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, May 5, 2014.

On the briefs:

Shawn A. Luiz
for Defendant-Appellant.

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4